1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICO PARRA, JR. | CV F 09 - 0464 AWI |
|         Petitioner, | (CR F 05 - 0210 - 01 AWI) |
| | |
|         v. | ORDER GRANTING PETITIONER'S MOTION TO FILE MOTION FOR  HABEAS RELIEF OUT OF TIME AND |
| UNITED STATES OF AMERICA, | DISMISSING PETITIONER'S MOTION TO CORRECT, |
|         Respondent. | AMEND OR VACATE HIS SENTENCE AND CLOSING THE CASE |
| | (28 U.S.C. § 2255) |

INTRODUCTION

In this case, petitioner Frederico Parra ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 120 months that was imposed by this court on April 2, 2006, following conviction by plea of guilty to one count of possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  In a related motion, Petitioner seeks leave to file his motion pursuant to section 2255 out of time on the ground the original petition was timely delivered to the proper authorities but the petition was subsequently lost or mis-delivered.  For the reasons that follow, the court will grant the motion to file out of time and will deny the motion for relief pursuant to section 2255.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 14, 2005, Fresno Police executed a warranted search at a local residence.  Based on information gathered during the search, the police placed the residence under surveillance with the expectation that a large amount of methamphetamine would be delivered to the residence.  Fresno police observed a car matching the description of the anticipated delivery vehicle pull up to the residence at about 2:20 p.m.  The car was being driven by Petitioner.  As police officers approached the car they observed Petitioner toss a box out of the car passenger door.  The box was recovered and found to contain approximately one-half pound of suspected methamphetamine.  Chemical analysis of the contents of the box later determined that the box contained 180 grams of actual methamphetamine.

Defendant was arrested and charged in a single-count indictment with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §841(a)(1).  On April 3, 2006, Petitioner entered a plea of guilty to the single count pursuant to a negotiated plea agreement.  In the plea agreement, Petitioner admitted the elements of the offense and admitted he possessed fifty or more grams of actual methamphetamine with the intent to distribute.  Petitioner waived all rights to contest his plea of guilty and waived the right to appeal his sentence.  The plea agreement does not appear to waive the right to collaterally attack the sentence pursuant to section 2255.  The government agreed to a three-level reduction in offense level for acceptance of responsibility and agreed to recommend Petitioner be sentenced at the bottom of the applicable sentencing range.

A Presentence Investigation Report ("PIR") prepared by Probation Department calculated a base offense level of 34 and a criminal history category of I.  Pursuant to the plea agreement, the offense level was reduced to 31 for acceptance of responsibility.  The PIR noted that, in the absence of any relief under United States Sentencing Guideline 5C1.2 and 18 U.S.C. § 3553(f)(1) - (5) ("safety valve reduction") the statutory 120-month minimum sentence would apply.  If the safety valve provisions were found to apply, the PIR noted Petitioner would be eligible for a

sentence of 108 months.  At the sentencing hearing held June 19, 2006, the government argued

against application of safety valve relief on the ground Petitioner had been less than forthcoming

with information concerning the source of the methamphetamine that was recovered.  Petitioner

was sentenced to the statutory minimum of 120 months.

Judgment was entered on June 23, 2006.  A notice of appeal was filed on June 27, 2006.

The appeal was voluntarily dismissed on April 16, 2007.  The instant motion to vacate set aside

or correct the sentence was filed untimely in this court on March 10, 2009.  In his motion to

allow the filing out of time, Petitioner alleges that he placed the instant motion in the custody of

officials at the correctional facility in Phoenix, Arizona where Petitioner was then housed.

Pursuant to an inquiry by plaintiff dated August 11, 2008, the court notified Petitioner that no

2255 motion from Petitioner had been received by the court.  Petitioner's motion to file 2255

motion out of time is accompanied by evidence to show that Petitioner's 2255 motion was

delivered to the custody of correctional officers on May 28, 2007.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court

established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move

the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section

2255, "a district court must grant a hearing to determine the validity of a petition brought under

that section, '[u]nless the motions and the files and records of the case conclusively show that the

prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

(quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed

against the record, fail to state a claim for relief or "are so palpably incredible or patently

frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159

(9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn

the right to a hearing, therefore, the movant must make specific factual allegations which, if true,

3

1  would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are

2  insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980),

3  cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

**I. Motion to File Out of Time**

6        As Petitioner correctly points out, where a prisoner acting *pro se* seeks to file a pleading

7  with the district court, the pleading is deemed filed when the pleading is delivered "to the prison

8  authorities for forwarding to the court clerk."  Houston v. Lack, 487 U.S. 266, 276 (1988).  This

9  "prisoner mailbox rule" applies to petitions for habeas relief whether or not those petitions are

10  actually received by the district court.  Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  All

11  that is required, in addition to the timely delivery of the pleading into the custody of prison

12  authorities, is that the petitioner "diligently follows up once he has failed to receive a disposition

13  from the court after a reasonable period of time."  Id.

14        Petitioner has filed a number of documents pertinent to his request to file his habeas

15  petition out of time.  Exhibits "A" and "B" are documents purporting to verify that Petitioner

16  mailed the original habeas petition on May, 28, 2007.  Exhibit "C" is a letter to the clerk of this

17  court stamped received by this court on August 11, 2008, stating that the section 2255 motion

18  was sent from Phoenix F.C.I. to this court "on or about May 25, 2007," and requesting

19  information on the disposition of the motion.  Exhibit "D" is notification from this court that no

20  section 2255 motion from Petitioner was received by this court.  Exhibit "E" is an "Inmate

21  Request to Staff" requesting information from the prison's mailing log showing that the pleading

22  was mailed.  Exhibits "F," "G," and "H" are letters from Petitioner to the court dated November

23  5, 2007, February 11, 2008, and May 17, 2008, respectively, each requesting information

24  regarding receipt of Petitioner's section 2255 Motion.  Exhibits "F," "G," and "H" do not appear

25  to have been stamped received by the court.

26        Petitioner alleges in his motion to file out of time that the correctional facility in Phoenix,

27

28                                                    4

Arizona does not maintain any record or logs "on outgoing prisoner legal mail sent non certified."  For purposes of this motion, the court is satisfied based on Petitioner's allegations and on the materials submitted that Petitioner did place his section 2255 motion in the custody of prison officials on or about May 25, 2007, and did thereafter diligently follow up to determine the status of his filing.  The court therefore deems Petitioner's section 2255 motion filed as of May 25, 2007.  Because Petitioner's section 2255 motion is deemed timely filed, the court has jurisdiction over Petitioner's substantive claims.

**II.  Substantive Claims**

Petitioner alleges four grounds for habeas relief.  First, Petitioner alleges he suffered ineffective assistance of counsel when his attorney failed to challenge the validity of the indictment.  Second, Petitioner alleges he suffered ineffective assistance of counsel when his attorney failed to investigate the details of Petitioner's arrest and the seizure of the methamphetamine.  Petitioner claims he suffered prejudice as a result of his attorney's failure to investigate because his attorney failed to file any motions to suppress evidence.  Third, Petitioner alleges he suffered ineffective assistance of counsel when his attorney recommended Petitioner stipulate, both in the plea agreement and in the plea colloquy as to the drug amount.  Fourth, Petitioner alleges his conviction was in violation of double jeopardy.

The first three of Petitioner's claims for habeas relief are cast in the context of claims of ineffective assistance of counsel.  To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466

U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.

### A.   Failure to Challenge Indictment

Petitioner's first claim for relief alleges his attorney's performance was deficient because the attorney failed to challenge the indictment which Petitioner contends was known to "be based partially on perjured testimony."  As appears to be the case with each of Petitioner's claims, the claim that the indictment was based partially on perjured testimony is based on a logic that is both tortured and difficult to follow.  Petitioner appears to contend that the grand jury could have returned an indictment on a lesser offense but returned an indictment charging the greater offense based on supposed testimony that indicated a greater amount of methamphetamine was involved than was eventually shown to be the case.

Petitioner's first claim for relief focuses on the *penalty* as authorized under 21 U.S.C. § 841(b)(1).  The indictment, however, addresses the unlawful conduct, not the level of penalty that is authorized.  The indictment charges violation of 21 U.S.C. § 841(a)(1), knowing or intentional possession of a controlled substance.  Petitioner admits evidence existed at the time the indictment was filed to indicate "Petitioner committed a crime under section 841."  This is all that is necessary.  It is up to the grand jury to determine there probable cause to believe a crime has been committed, not to determine the extent of the crime.  Contrary to Petitioner's evident belief, section 841(a) describes the unlawful act.  There is no corresponding lesser offense that the grand jury could have charged.  Section 841(b) describes the range of penalties that are determined according to the amounts of drug involved as determined by the finder of fact, not the grand jury.

Petitioner has failed to show deficient performance stemming from his attorney's failure to challenge the indictment because he has failed to show that the indictment was in any way the

product of a flawed or unfair process.  Because deficient performance is not shown, Petitioner's first claim for relief will be dismissed.

### B.  Failure to Investigate or Challenge Validity of Search

Petitioner contends he suffered ineffective assistance of counsel when his attorney failed to investigate the details of Petitioner's arrest and mount a challenge to the validity of the search of the package containing the methamphetamine.  The court assumes for the sake of this analysis that Petitioner's attorney did not investigate the details of Petitioner's arrest or move to exclude evidence produced by the search of the package Petitioner tossed out the car window.  Under Strickland Petitioner must show that the failure to investigate and challenge the validity of the search and seizure of the methamphetamine constituted deficient performance and that, but for the deficient performance, an outcome more favorable to Petitioner would have eventuated. Petitioner offers no basis to support either proposition.

Petitioner asserts he had a Fourth Amendment right against the search of the package that he either tossed out of the delivery car or that was dropped from the delivery car Petitioner was driving at the time the contraband was exchanged with the confidential informant.  The authority Petitioner cites for his claim, United States v. Ross, 456 U.S. 798 (1982), is actually inapposite. In Ross, the Supreme Court held that the warrantless search of an automobile or a package contained therein may not offend the Fourth Amendment if the search is supported by probable cause that would be sufficient to support a warrant for the search.  Id. at 823-824; See also Carroll v. United States, 267 U.S. 132, 149 (1925) ("the true rule is that if the search and seizure [of a vehicle or a package contained therein] without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid").

Here, a warranted search provided the information that a delivery of contraband would be made to the address.  The officers observed Petitioner drive up in a car.  Whether the sealed

package was tossed out the car window, as the PIR states, or taken out of Petitioner's hands and dropped on the ground, as Petitioner states, is irrelevant.  What matters is that officers had probable cause to believe Petitioner would attempt to complete a sale of methamphetamine at the address and, by extension, that the package that was being tossed from the car or handed over contained a substance that is by law subject to seizure.  Had Petitioner's attorney contested the search of the sealed package containing the methamphetamine, the odds the search would have been invalidated on the facts alleged by Petitioner are essentially nil.  Because an attorney is not duty-bound to file a motion that he knows to be without merit,  Lowery v. Lewis, 21 F.3d 344346 (9th Cir. 1994), it cannot be held that Petitioner's attorney performed deficiently when he declined to challenge the search of the sealed package containing the methamphetamine.

Similarly, Petitioner cannot claim prejudice.  What Petitioner's attorney secured on Petitioner's behalf was a plea agreement that provided a substantial reduction in offense level for acceptance of responsibility and at least an opportunity to receive the benefit of an additional 2-level reduction in the offense level under the "safety valve" provisions.  There is absolutely no basis upon which the court could find that, had Petitioner's attorney attacked the validity of the search of the sealed package, Petitioner would have realized a better outcome.  Petitioner's second claim for relief is therefore without merit.

### C.  Advice to Plead Guilty and Stipulation of Drug Amount

Petitioner's third claim for relief is likewise confusingly worded.  As best the court can determine, Petitioner alleges he suffered ineffective assistance of counsel when his attorney advised him to enter a plea of guilty and stipulate to the amount of drug involved.  Petitioner states that if he had been "constitutionally advised [sic] [Petitioner] would not have stipulated to the quantity in either his guilty plea agreement or his plea colloquy hearing.  This exposed [Petitioner] to a higher sentencing range."  Petitioner's apparent argument is that he could only be sentenced on the basis of what he knowingly possessed; in his case he admits to knowing he possessed about one-half pound of a mixture containing methamphetamine with the intent to

distribute.  The basis of Petitioner's claim, so far as the court understands it, is that if he had actual knowledge of only the fact that he possessed only a certain weight of a mixture containing a controlled substance, and not its purity, he could only have been sentenced on the basis of the weight of the mixture and not on the basis of the amount of actual methamphetamine contained therein.

Petitioner appears to be conflating the provisions of section 841(a), which describes the crime of knowing possession of a controlled substance for distribution, with the provisions of section 841(b) which describes the penalties associated with various amounts of various controlled substances involved.  To commit the crime described by section 841(a) proof of knowing *or* intentional possession of *any amount* of any controlled substance is all that is required.  The penalties authorized by section 841(b) do not require that the defendant know the amount or purity of the controlled substance or that there be an intention to distribute any certain amount.  The penalties authorized by section 841(b) require only that a given amount of actual controlled substance *or* a mixture containing an amount of the controlled substance be proven or admitted to.  Contrary to Petitioner's apparent belief, a defendant who faces the imposition of a sentence based on possession for sale of more than 50 grams of methamphetamine is not entitled to a lesser sentence simply because he or she subjectively believed the controlled substance they possessed contained either a lesser amount of actual drug or a lesser amount of a mixture containing the drug.

Petitioner's attorney did not provide ineffective assistance by recommending that Petitioner enter a guilty plea or that he admit the amount of drug involved.  Such admissions were part of a plea agreement which conferred substantial benefit on Petitioner and, had Petitioner declined to admit the amount of drug involved, the amount would easily have been proved and Petitioner would have been subjected to no less penalty than he received.  The court concludes Petitioner's third claim for relief is without merit.

### D.  Double Jeopardy

Petitioner's claims with respect to double jeopardy come the closest of all Petitioner's claims to being completely incomprehensible.  There appear to be two parts to Petitioner's "double jeopardy" claim.  First, Petitioner contends he pled guilty only to "knowing" possession of methamphetamine; not to "knowing and intentional" possession.  Petitioner appears to contend that a double jeopardy issue arises out of the mismatch between the "knowing" possession that Petitioner admitted and the charge set forth in the indictment that alleged that Petitioner "knowingly and intentionally" possessed methamphetamine.  Petitioner's hyper-technical dissection of the indictment misses the point that what was actually charged is violation of the crime described at 21 U.S.C. § 841(a)(1).  To the extent there is any real distinction between knowing and intentional possession, it is a distinction without a practical difference because section 841(a)(1) provides that possession of a controlled substance with intent to distribute is a crime whether the controlled substance is knowingly *or* intentionally possessed.  Petitioner's admission that he "knowingly" possessed methamphetamine with intent to distribute is sufficient to support his conviction for violation of section 841(a)(1).  The court is at a loss to see how the mismatch between the wording used in the indictment and the wording of the statute gives rise to a double jeopardy claim.

The second part of Petitioner's "double jeopardy" claim is even more puzzling.  Petitioner alleges, "that based on the quantity of drugs [Petitioner] was twice enhanced punishment on account of its purity and is a double jeopardy violation."  Doc. # 40 at 9.  Petitioner admits in his argument that conviction under section 841(a)(1) requires only that the government prove that "Petitioner knew he possessed some controlled substance."  Id.  Petitioner admits that a sentence for violation of section 841(a) can be based on the amount of a mixture of drug involved.  From this, Petitioner appears to argue that sentencing according to the amount of a mixture containing the controlled substance is the only congressionally-approved means of determining a penalty under section 841(b).  Petitioner argues at some length that it is contrary to

1   the intent of Congress to base the sentence on the amount of actual controlled substance

2   involved.  Petitioner would benefit from the application of his proposed analytic approach

3   because the contents of the package that were charged to Petitioner amounted to less than 500

4   grams of a mixture containing methamphetamine, but contained more than 50 grams of actual

5   methamphetamine because the mixture was 81% pure.  Since, according to Petitioner's

6   reasoning, the purity of the mixture cannot be taken into account in computing the penalty, he

7   should have been sentenced according to amount of mixture containing methamphetamine he

8   possessed, not on the amount of actual methamphetamine possessed.  Were Petitioner to have

9   been sentenced based on the amount of a mixture containing methamphetamine that was charged

10  to him, he would have been eligible to be sentenced pursuant to section 841(b)(1)(B), which

11  provides for a 5-year statutory minimum sentence, rather than pursuant to the sentence he

12  actually received pursuant to section 841(b)(1)(B), which provides for a 10-year statutory

13  minimum.

14          How Petitioner's argument becomes a claim for double jeopardy is anyone's guess.

15  However, what is certain is that Petitioner's underlying legal argument must fail because it is

16  simply contrary to the statute in question.  21 U.S.C. § 841(b)(1)(A)(viii) provides for a term of

17  imprisonment of not less than ten years for possession of *either* "50 grams or more of

18  methamphetamine, its salts, isomers, and salts of its isomers *or* 500 grams or more of a mixture

19  or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of

20  its isomers." Id. (italics added).  To the extent that Petitioner argues that Congress intended that

21  defendants be sentenced only on the basis of the amount of a mixture containing a controlled

22  substance, that argument is rejected as being  plainly contrary to the text of the statute Congress

23  adopted.  Petitioner's fourth claim will be dismissed because it fails to allege double jeopardy or

24  any other claim upon which relief could conceivably be granted.

25

26          Having considered the merits of each of Petitioner's substantive claims for relief, the

27

28                                                  11

Court finds Petitioner has failed to allege any facts at, if proven, would entitle him to relief as to any of his claims.  The court therefore hereby DISMISSES Petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2255 in its entirety.  The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:  June 15, 2009**                          **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE

12